STATE OFFICERS AND EMPLOYEES
Expense reimbursements for the non-legislative members of the Special Committee on Criminal Justice are authorized by Section 5 of Enrolled House Joint Resolution No. 1020 of the First Regular Session of the Thirty-sixth Legislature (1977); however, due to the specific language contained therein, such expense reimbursements cannot be paid from money appropriated to the State Legislative Council or the Legislature under Chapters 139 and 140 O.S.L. 1977. The Legislature can, during the second regular session of the Thirty-sixth Legislature, specifically appropriate money to pay the non-legislative members of the Special Committee on Criminal Justice the reimbursements presently authorized by Enrolled House Joint Resolution No. 1020 for expenses incurred during the interim following the first regular session. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. May the non-legislative members of the Special Committee on Criminal Justice created by the Thirty-sixth Legislature be paid expense reimbursement from money appropriated to the Legislative Council? 2. If the answer to question number one is in the negative, may these non-legislative members of the Special Committee be paid expense reimbursement from any other source, such as the respective budgets of the House of Representatives and/or the Senate? 3. If the answer to questions one and two are in the negative, then may the Legislature authorize payment of expense reimbursement for these non-legislative members of the Special Committee incurred during the interim when the Legislature convenes in 1978 ? Enrolled Joint House Resolution No. 1020 of the First Regular Session of the Thirty-sixth Legislature (1977) creates the Special Committee to Study the Oklahoma Criminal Justice System, composed of 20 members, 10 of which are legislators and 10 of which are non-legislators. Section 5 of the Resolution provides for a per diem in lieu of expenses in the amount of $25 per day for members of the Committee, together with a mileage reimbursement at the rate of $.15 per mile. That section goes on to provide as follows: ". . . Such expenditures for legislative members shall be paid from funds of the House of Representatives and Senate, respectively, and for non-legislative members of the Committee from funds specifically appropriated for the purposes of the Committee, on claims approved by the Chairman of the State Legislative Council. . . ." (Emphasis added) It is clear from the foregoing provision of Enrolled Joint House Resolution 1020, which creates and establishes the Special Committee on Criminal Justice, that the non-legislative members can only be paid from funds "specifically appropriated for purposes of the Committee." In looking at the 1977 appropriation to the State Legislative Council, Section 1, Chapter 140 O.S.L. 1977, the sum of One Million Ninety-three Thousand Forty-five Dollars ($1,093,045) is appropriated for purposes of "paying compensation of employees, operating expenses, renovation and all other expenses of the State Legislative Council." This appropriation to the Legislative Council is not a specific appropriation for purposes of the Special Committee on Criminal Justice. The 1977 appropriation to the Legislature, Chapter 139
O.S.L. 1977, sets out the purposes of the appropriation in Section 1, which reads as follows: "There is hereby appropriated to the Oklahoma State Legislature, from any monies in the General Revenue Fund of the State Treasury, for the fiscal year ending June 30, 1978, not otherwise appropriated, the following amount, or so much thereof as may be necessary, to pay monthly salaries, per diem, and expenses of the members of the Legislature and the salaries of their employees, and such contingent expenses as may be ordered paid therefrom, including the preparation and printing of the journals and calendars of the Senate and the House of Representatives, and including the preparation and printing of the permanent journals thereof and printing of Session Laws and Compiled Oklahoma Statutes and/or Cumulative Supplements thereto, in accordance with the following amounts herein set forth: "LEGISLATIVE DEPARTMENT "AMOUNT APPROPRIATED "STATE SENATE "For expenses of personal services (including retirement and insurance costs), including those of members and employees of the Senate, and expenses of maintenance and operation, including travel expenses, supplies, materials, printing, equipment and printing of permanent journals and for the renovation and modification of the Senate area $2,535,000 00 "HOUSE OF REPRESENTATIVES "For expenses of personal services (including retirement and insurance costs), including those of members and employees of the House of Representatives, and expenses of maintenance and operation, including travel expenses, supplies, materials, printing, equipment and printing of permanent journals, printing of Session Laws, and the printing of Compiled Oklahoma Statutes and/or Cumulative Supplements thereto and for the renovation and modification of the House area 3,315.000.00 TOTAL $5,850.000.00" From a reading of the foregoing appropriation to the Legislature, it is clear that it makes no specific appropriation for purposes of the Special Committee on Criminal Justice, as provided for in Enrolled Joint House Resolution No. 1020. It would, therefore, follow that your first two questions be answered in the negative. Concerning your third question, Section 5 of Enrolled House Joint Resolution No. 1020 authorizes payment of expense reimbursements to the non-legislative members of the Committee and presumably the expenses of such non-legislative members are to be incurred during the 1977-78 fiscal year. Therefore, a specific appropriation by the Legislature of money of that fiscal year would be in accord with the rule set forth in Rountree v. Phelps,200 Okl. 528, 197 P.2d 973 (1948), which in the second paragraph of the Syllabus provides as follows: "Fiscal year as defined in Article X, Section 1, is the accounting unit in state finances and the monies subject to appropriation consist of current revenue and accumulated surpluses and no appropriation of monies of one fiscal year may be devoted to the payment of obligations of any other fiscal year except such as are designated 'non-fiscal year obligations.' " It would, therefore, follow that the Legislature can specifically appropriate money when it convenes in 1978 for purposes of paying the non-legislative members of the Committee the expense reimbursements presently authorized by Enrolled House Joint Resolution No. 1020. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. Expense reimbursements for the non-legislative members of the Special Committee on Criminal Justice are authorized by Section 5 of Enrolled House Joint Resolution No. 1020 of the First Regular Session of the Thirty-sixth Legislature (1977); however, due to the specific language contained therein, such expense reimbursements cannot be paid from money appropriated to the State Legislative Council or the Legislature under Chapters 139 and 140 O.S.L. 1977. The Legislature can, during the second regular session of the Thirty-sixth Legislature, specifically appropriate money to pay the non-legislative members of the Special Committee on Criminal Justice the reimbursements presently authorized by Enrolled House Joint Resolution No. 1020 for expenses incurred during the interim following the first regular session. (GERALD E. WEIS)